People ex rel. Kelly v Brann (2020 NY Slip Op 06042)





People ex rel. Kelly v Brann


2020 NY Slip Op 06042


Decided on October 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2020-07778

[*1]The People of the State of New York, ex rel. Frank T. Kelly, on behalf of Telloney Gayle, petitioner,
v
Cynthia Brann, etc., et al., respondents.


Frank T. Kelly, Kew Gardens, NY, petitioner pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Sharon Y. Brodt, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondents.
Writ of habeas corpus in the nature of an application to set reasonable bail for Telloney Gayle upon Queens County Indictment Nos. 2011/2018 and 589/2020.



ADJUDGED that the writ is sustained; and it is further,
ORDERED that bail on Queens County Indictment No. 2011/2018 is fixed in the nominal sum of $1; and it is further,
ORDERED that bail on Queens County Indictment No. 589/2020, is fixed in the sum of $250,000, by posting that sum in the form of an insurance company bail bond or a partially secured bond with the requirement of 10% down, or by depositing that sum as a cash bail alternative, on condition that, in addition to posting a bond or depositing the cash alternative set forth above, Telloney Gayle shall (1) surrender all passports, if any, he may have to the Office of the District Attorney of Queens County and is prohibited from applying for any new or replacement passports; (2) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Queens County; (3) remain confined to his home, except for visits to his attorney, his doctors, or court, and must travel directly from his home to his attorney, his doctors, or court, and directly back to his home, when conducting those visits; and (4) provide to the Office of the District Attorney of Queens County, an affidavit in a form approved by the Office of the District Attorney of Queens County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Telloney Gayle has posted nominal bail $1 bail on Queens County Indictment No. 2011/2018, has given an insurance company bail bond in the sum of $250,000 or a partially secured bond in the sum of $250,000 with the requirement of 10% down, or has deposited the sum of $250,000 as a cash bail alternative, on Queens County Indictment No. 589/2020, has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c), has surrendered all passports, if any he may have to the Office of the District Attorney of Queens County, and has provided the Office of the District Attorney of Queens County with an affidavit, in a form approved [*2]by the Office of the District Attorney of Queens County, attesting that if he leaves the jurisdiction he agrees to waive his right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which Telloney Gayle is incarcerated, or his or her agent, is directed to immediately release Telloney Gayle.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court